UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| and | ) ) | |
| CRYSTAL MCDONALD, | ) ) | |
| Plaintiff-Intervenor, | ) ) | |
| v. | ) ) | 2:21-cv-00092-RWS-JCF |
| PEACHSTATE HEALTH MANAGEMENT, LLC d/b/a AEON GLOBAL HEALTH, | ) ) ) ) | |
| Defendant. | ) ) | |

## CONSENT DECREE

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Title I of the Civil Rights Act of 1991. The Commission's Complaint alleged that Defendant Peachstate Health Management, LLC d/b/a AEON Global

Health ("Defendant"), engaged in intentional discrimination against Crystal McDonald ("McDonald") by subjecting her to a hostile work environment based on her sex (female) and race (African-American), by failing to take prompt and effective remedial action to remedy the hostile work environment, and by taking adverse employment action against McDonald in retaliation for her complaints of race-based and sex-based harassment, all in violation of Title VII.

The Commission, Plaintiff-Intervenor Crystal McDonald, and Defendant (collectively, "the Parties") hereby stipulate to jurisdiction of the Court over the Parties and agree that the subject matter of this action is properly before the Court.

The Parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation. The Parties agree that this Consent Decree is not an admission of guilt or wrongdoing by Defendant or evidence of liability or unlawful conduct.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the Parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves

all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1.      Defendant shall not discriminate against any person on the basis of race or sex within the meaning of Title VII, including by subjecting them to a hostile work environment based on their sex or race or by failing to take prompt and effective remedial action to remedy a hostile work environment.

2.      Defendant shall not retaliate against any person because of opposition to any practice made unlawful under Title VII or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding, or hearing under Title VII.

3.      Defendant shall pay McDonald the sum of Fifty-Six Thousand Dollars ($56,000) in settlement of the claims raised in this action. Defendant shall make payment by issuing check(s) payable as agreed by Defendant and Intervenor Counsel within fifteen (15) business days after the Court approves this Consent Decree. Within five (5) business days after the check(s) have been sent, Defendant shall send to the Commission copies of the payments and proof of delivery to McDonald.

Neither the Commission nor Defendant make any representation, nor assume

any responsibility for any tax liability, assessments, interest, penalties and/or costs that McDonald may or may not incur on such payments under local, state and/or federal law.

4.     Within ten (10) business days of the entry of this Consent Decree by the Court, Defendant shall eliminate from the employment records and personnel file of McDonald any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 410-2018-05088, and the related events that occurred thereafter, including this litigation. Within ten (10) business days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission.

5.     Defendant shall maintain and disseminate a formal anti-discrimination policy which shall include, but is not limited to, prohibiting discrimination against any person on the basis of sex, race, or any other protected category within the meaning of Title VII, and prohibiting retaliation for opposing any practice made unlawful under Title VII.

A copy of the Policy will be provided to the EEOC for review within thirty (30) calendar days after the Court's entry of this Consent Decree. Thereafter, copies of the Policy will be distributed to each of Defendant's employees and managers

within sixty (60) calendar days after the Court's entry of this Consent Decree. The policy will be electronically distributed to all employees a second time one year later with a cover document advising the employees that this is a reminder of Defendant's Title VII policy. New employees will receive an electronic copy of the Policy on or before the completion of their new-hire orientation. A copy of the Policy shall be included in any relevant policy or employee manual maintained by Defendant.

Within forty-five (45) calendar days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission and provide copies of the policies to the Commission.

6.      During the term of this Consent Decree, Defendant shall post a copy of the policy described in paragraph 5 above in its facility in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within forty-five (45) calendar days after the Consent Decree is entered, Defendant will post the policy and notify the Commission that it has been posted.

7.      During the term of this Consent Decree, Defendants shall provide annual training programs to all managers, supervisors, and employees. Each training program shall include an explanation of the requirements of Title VII, including its

provisions against discrimination and harassment on the basis of sex and race and its prohibition against retaliating against employees who exercise their federally protected rights to complain about discrimination or to participate in the investigation of a complaint of discrimination. Each training program shall also include an explanation of Defendants' policies referenced in paragraph 5 above, and an explanation of the rights and responsibilities of employees, supervisors, and managers under the policy.

The first training program shall be completed within ninety (90) calendar days after entry of this Consent Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) business days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-ATDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) business days of submission of the agenda. Within ten (10) business days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

8.    Beginning within ten (10) business days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit A, hereby made a part of this Consent Decree, in its facility in a place where it is visible to employees. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within ten (10) business days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

9.    During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree.  The reports will include the following information:

A.    the identities of all individuals who have reported (1) any incidents of discrimination on the basis of sex or race, to include harassment, and (2) any incidents of retaliation. This report shall include each person's name, address, telephone number, and job title;

B.    for each individual identified in 9.A above, explain what actions were taken by Defendant in response to the individual's report;

C.    for each individual identified in 9.A above, an explanation of whether the individual's employment status has changed in any respect (for example, including but not limited to, termination,

firing, demotion, promotion, or to part-time from full-time); and

D.     for each individual whose employment status has changed as identified in 9.C. above, a detailed statement explaining why the individual's employment status has changed.

Defendant shall provide the social security number of an individual identified in response to 9.A. within seventy-two (72) hours of a request by the Commission.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

10.     The Commission may review compliance with this Consent Decree. As part of such review, the Commission may inspect Defendant's facility, interview employees, and examine and copy documents.

11.     If anytime during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) business days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) business days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

12.     The term of this Consent Decree shall be for three (3) years from its entry by the Court.

13.     All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: Paul Suda (psuda@aeonglobalhealth.com) and Tracie Maurer (Tracie.Maurer@jacksonlewis.com).  If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide contact information for a new designated point of contact within ten (10) business days of the change.

14.     All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to:  (1) EEOC-ATDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to:

> Marcus G. Keegan
> Regional Attorney
> Equal Employment Opportunity Commission
> Sam Nunn Atlanta Federal Center
> 100 Alabama Street, SW
> Suite 4R30
> Atlanta, Georgia 30303

15.     Each party shall bear its own costs and attorney's fees.

16.     This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

December 13, 2021
Date

Judge, U.S. District Court
Northern District of Georgia

The parties jointly request that the Court approve and enter the Consent Decree:

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

GWENDOLYN YOUNG REAMS
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

MARCUS G. KEEGAN
Regional Attorney

LAKISHA DUCKETT ZIMBABWE
Supervisory Trial Attorney

/s/ Hemanth Digumarthi
Hemanth Digumarthi, Esq.
Trial Attorney
Georgia Bar No. 152637

Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama Street, S.W.
Suite 4R30
Atlanta, Georgia 30303
E: hemanth.digumarthi@eeoc.gov
T: (470) 531-4836
Attorneys for Plaintiff EEOC


/s/Tracie Maurer (signed with
consent by Hemanth Digumarthi)
Tracie Maurer
Georgia Bar No. 395670
Jackson Lewis P.C.
171 17th Street, NW
Suite 1200
Atlanta, Georgia 30363
T: 404-586-1873
Tracie.Maurer@jacksonlewis.com
Attorney for Defendant

/s/Eric L. Register (signed with
consent by Hemanth Digumarthi)
Eric L. Register
Georgia Bar No. 599199
Register Lett LLP
1800 Peachtree Street NW
Suite 809
Atlanta, GA 30309
T: 404-252-9019 Ext. 3
eregister@registerlett.com
Attorney for Plaintiff-Intervenor

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| **Plaintiff,** | ) ) | **CIVIL ACTION NO.** |
| **and** | ) ) | |
| **CRYSTAL MCDONALD,** | ) ) | |
| **Plaintiff-Intervenor,** | ) ) | |
| **v.** | ) ) | **2:21-cv-00092-RWS-JCF** |
| **PEACHSTATE HEALTH MANAGEMENT, LLC d/b/a AEON GLOBAL HEALTH,** | ) ) ) ) | |
| **Defendant.** | ) ) | |

## EMPLOYEE NOTICE

1.     This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Peachstate Health Management d/b/a Aeon Global Health ("AEON") in a case alleging discrimination on the basis of sex and race and retaliation. Specifically, the U.S. Equal Employment Opportunity Commission alleged that AEON discriminated against an employee by subjecting her to a hostile work environment based on her sex (female) and race (African-American), by failing to take prompt and effective remedial action to remedy the hostile work environment, and by taking adverse employment action against her in retaliation for her complaints in violation of Title VII. As part of the settlement, AEON agreed to take other actions set out in the Consent Decree resolving this matter.

2.     Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older), genetic information, or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or

hearing, or otherwise asserted their rights under the laws enforced by the U.S. Equal Employment Opportunity Commission.

3.      AEON will comply with such federal law in all respects.  Furthermore, AEON will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance, or participation in any investigation, proceeding, or hearing conducted by the U.S. Equal Employment Opportunity Commission.

4.      An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace.  An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination.  To locate the nearest field office, contact:

Equal Employment Opportunity Commission<br>
131 M. Street, N.E.<br>
Washington, DC 20507<br>
TEL: 1-800-669-4000<br>
TTY: 1-800-669-6820

5.      This Notice will remain posted for at least three (3) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2024.

**EXHIBIT A**